UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE GREGORY BURNS,

    **Plaintiff,**

v.                                                                  Case No. 23-CV-1266

STERLING POLK, *et al.*,

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

---

Plaintiff Lawrence Gregory Burns, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 12.) Burns, a pretrial detainee, was allowed to proceed on a Fourteenth Amendment due process claim wherein he alleges that Defendants Sterling Polk and John Proeber treated his medical needs with objective unreasonableness. (ECF No. 16.) Defendants moved for summary judgment on the grounds that Burns failed to exhaust his administrative remedies. (ECF No. 26.) Burns has responded in opposition. (ECF No. 32.) For the reasons stated below, the Court grants Defendants' motion for summary judgment on exhaustion grounds and dismisses the case without prejudice.

## FACTS

At all times relevant, Burns was a pretrial detainee at the Milwaukee County Jail. (ECF No. 27, ¶ 1.) On December 24, 2021, Burns used his in-cell intercom to complain of chest pain and shortness of breath. (*Id.*, ¶ 5.) Burns states that after he used the intercom he passed out. (ECF No. 12 at 3–4.) Defendants did not answer his call or check on him. (*Id.* at

4.) The next thing Burns knew he was being carried out of his cell by several officers. (*Id.* at 4–5.)

The Defendants state the Jail's Master Control Desk "called a medical emergency alert for all available Jail staff and contracted healthcare staff to respond" to Burns' cell. (ECF No. 27, ¶ 5.) The medical staff determined that Burns needed to go to the hospital and "recommended that Jail staff send Burns off-site to a medical facility." (*Id.*) On December 24, 2021, at 6:09 p.m., Burns was transported to Froedtert Hospital. (*Id.*, ¶ 6.) Later that evening, Burns was medically cleared and returned to the Jail. (*Id.*)

During his stay at the Jail, Burns submitted at least forty-seven grievances, but only appealed four of them. (ECF No. 27, ¶ 30.) Of the four he appealed, only one he fully exhausted. (*Id.*)

It is undisputed that two of the grievances Burns filed relate to the events in this case. On December 31, 2021, Burns submitted grievance 54210 wherein he complained that the Defendants did not respond to his medical emergency. (ECF No. 32-1 at 1.) While awaiting a response from Jail staff, on January 6, 2022, Burns added to his grievance more detail, including the fact that Polk did not do a round for over thirty minutes and Burns could have died. (*Id.*) On January 21, 2022, Jail staff responded, "Mr. Burns, Officer Poke (*sic*) was dealing with a situation in the other sub pod in 4B." (*Id.*) It is undisputed that Burns did not appeal this grievance. (ECF No. 27, ¶ 34.)

On March 10, 2022, Burns submitted grievance 63919, wherein he complained about the lasting effects of his medical incident on December 24, 2021. (ECF No. 29-2 at 48.) Specifically, he complained of vision problems, and that he has yet to receive his glasses.

2

(*Id.*) On March 11, 2022, Jail staff responded that his glasses have been ordered. (*Id.*) It is undisputed that Burns did not appeal this grievance. (ECF No. 27, ¶ 37.)

The grievance procedure at the Jail, which is set out in the Milwaukee County Jail Occupant Handbook, was as follows in December 2021. A prisoner must first attempt to resolve the problem with his pod officer. If he is unsatisfied with the result, then he may file a grievance using the kiosk system. The grievance is then reviewed and answered by a Jail representative. If the prisoner is unhappy with the result, he "may appeal the decision by writing supporting documentation including full names of witnesses." The appeal is then reviewed by the appealing Jail representative. If, after the Jail representative has ruled, the prisoner is still dissatisfied, the prisoner may appeal one final time to the Jail Commander or his designee. The decision of the Jail Commander is final. (ECF No. 29-1 at 3.)

All steps in the process could be completed at the kiosk. (ECF No. 27, ¶ 23.) If the kiosks were unavailable, prisoners could file grievances and appeal "by requesting and completing handwritten paper grievance forms and submitting them to Jail staff, or hand delivering them to a Jail staff member who would then route the grievance to the Special Projects Unit." (*Id.*)

On October 17, 2022, the grievance procedure was updated to include "a deadline of 14 days from the date of the grievance incident" in which the prisoner had to submit a grievance. (ECF No. 27, ¶ 26.) Prior to October 17, 2022, a prisoner could submit grievances about incidents that occurred at any time and there was no deadline. (*Id.*, ¶ 27.)

The Defendants note that Burns, when he was booked into the Jail, learned about the grievance procedure from a video that explained the procedure in detail. (ECF No. 27, ¶ 14.) It was also accessible to Burns via the kiosk at any time. (*Id.*, ¶ 25.)

3

Case 2:23-cv-01266-NJ    Filed 03/06/25    Page 3 of 9    Document 38

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

*1. Applicable Law and Procedure on Exhaustion*

Burns' case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). A prisoner can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved

5

inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

### 1.1 Application to this Case

The defendants argue that Burns did not exhaust his administrative remedies because he did not appeal the relevant grievances. Burns does not dispute that he did not appeal the relevant grievances. Instead, he states that, "Plaintiff, filed grievances with the Captain and also was received by Lieutenants. Plaintiff, was responded to, but due to the grievance system in the jail was not forwarded to the responsible or proper designee and no appeal was granted to further pursue this grievance." (ECF No. 33, ¶ 12.) Burns also states that because he was a pretrial detainee, "there wasn't an expedited procedure for emergency or an independent review by someone not under the direct supervision or control of the institution." (ECF No. 32 at 2.) He maintains that he "wasn't allowed to appeal, due to the appeal has to be granted by the designee who has reviewed the grievance." (*Id.* at 3.) Burns further notes that he was not required to exhaust his remedies where "it would be futile, if the agency's actions are 'clearly and unambiguously illegal, or if the administrative procedure is 'clearly shown to be inadequate to prevent irreparable injury.'" (ECF No. 34, ¶ 3.)

It is undisputed that Burns did not take the relevant grievances through the entire appeal process. Instead, Burns seems to argue that the appeals process was unavailable to him. He first argues that he was not granted permission to appeal, and that because he was a pretrial detainee, there was no process to have his grievance reviewed outside the
6

institution. (ECF No. 32, at 2–3.) Burns misunderstands the grievance procedure. There are levels of Jail administration to which he had to appeal, and this was clearly outlined in the Jail procedure, which he undisputedly was made aware of and had access to. "The PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the prisoner has taken reasonable steps to inform the inmates about the required procedures." *Ramirez*, 906 F.3d at 538.

Burns also argues that fully exhausting his administrative remedies would have been futile, and he had no obligation to exhaust because the Jail's process is clearly inadequate. (ECF No. 34, ¶ 3.) The exhaustion requirement is mandatory. There is no futility exception even if Burns subjectively believed that the appeals process would be ineffectual or futile. *Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006) ("Exhaustion is necessary even if … the prisoner believes that exhaustion is futile.").

To the extent Burns is arguing that appealing the grievance was optional, because the procedure stated that a prisoner "may" appeal, that also is insufficient. If a prisoner is dissatisfied with the ruling on his grievance at the initial level, to fully exhaust his administrative remedies he must go through the entire process even if the procedure contains permissive language. *See Tonn v. Anderson*, 2023 WL 8812673, at *3 (E.D. Wis. Dec. 20, 2023) (holding that where a procedure contains permissive language, a prisoner who is satisfied with the handling of his grievance does not need to appeal, but the permissive language does not excuse a prisoner who is dissatisfied and plans to file a civil action from going through the full process).

Because Burns did not appeal the relevant grievances and take them through the full process, he did not exhaust his administrative remedies. Summary judgment is granted in

Defendants' favor.

## CONCLUSION

For the reasons stated above, Burns failed to demonstrate that he exhausted his administrative remedies. Summary judgment is granted in favor of Defendants, and Burns' case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendants' motion for summary judgment (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one

year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 6th day of March, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge